UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HANY TANIOUS and LOUSSINE
S. MAZMANIAN,

    Plaintiffs,

v.                                     Case No. 3:22-cv-217-TJC-MCR

JAMES B. GATTONI, PATRICK J.
O'MALLEY, LANDSTARSYSTEM,
INC., and LANDSTAR RANGER
INC.,

    Defendants.

## **O R D E R**

This case is before the Court on Plaintiffs' Notice of Voluntary Dismissal Without Prejudice 41(a)(1)(A)(i).  Doc. 45.  Defendants filed a Response (Doc. 46) contending that plaintiffs could not dismiss their case without prejudice because a Rule 41(a)(1)(A)(i) dismissal is only available if defendants have not answered, and defendants here filed answers.  Defendants also claim that the dismissal must be with prejudice due to Rule 41(a)(1)(B)'s "two dismissal rule," which says that if an earlier case is based on or includes the same claims as the current case, the dismissal serves as an adjudication on the merits, in other words, with prejudice.  The Court issued an order directing plaintiffs to show cause as to why their case should not be dismissed with prejudice and with an

award of costs to defendants. Doc. 47. Plaintiffs responded contending they were within their rights to dismiss their case without prejudice because the defendants had not answered the most recent complaint and because the earlier filed case to which defendants referred was sufficiently different such that the "two dismissal rule" would not apply. Doc. 48.

First, defendants are correct that because they answered the original complaint, plaintiffs cannot unilaterally dismiss their case without prejudice. It is true that at the time plaintiffs filed their notice of voluntary dismissal, defendants had not yet answered plaintiffs' amended complaint (which the Court struck following removal for being a shot-gun pleading), but this is of no moment for purposes of Rule 41(a)(1)(A)(i). See Welsh v. Correct Care, L.L.C., 915 F.3d 341, 343 (5th Cir. 2019) (holding that "the filing of an amended complaint does not revive the plaintiff's absolute right to dismissal under Rule 41(a)(1)(A)(i)") (citing First and Fourth Circuit authorities, and Wright & Miller, Federal Practice and Procedure § 2363, at 122 (3d ed. Supp. 2018)); see also Wright v. Standard Ins. Co., No. 8:07-cv-1586-T-33MSS, 2008 WL 5070228, at *6 (M.D. Fla. Nov. 28, 2008) (explaining that although the Eleventh Circuit has not yet addressed the issue of whether an answer to an earlier complaint precludes application of Rule 41(a)(1)(A)(i), other courts have found it does) (citing cases); Carter v. United States, 547 F.2d 258, 259 (5th Cir. 1977) ("Defendants who desire to prevent plaintiffs from invoking their unfettered

right to dismiss actions under rule 41(a)(1) may do so by taking the simple step of filing an answer."); Setty v. Village of Russellville, No. 1:20-cv-476, 2022 WL 899692, at * 2, n.2 (S.D. Ohio Mar. 28, 2022) (explaining that allowing a plaintiff to dismiss an amended complaint when an answer had only been filed to an original complaint "would contradict the defendant-protection purpose of Rule 41"). The Court agrees and determines that plaintiffs cannot avail themselves of Rule 41(a)(1)(A), unless defendants were to stipulate to dismissal under Rule 41(a)(1)(A)(ii), which they have not.

However, because Rule 41(a)(1)(A) is not available, the "two dismissal rule" of Rule 41(a)(1)(B) does not apply either. See ASX Inv. Corp. v. Newton, 183 F.3d 1265, 1266-69 (11th Cir. 1999) (explaining that the "two dismissal rule" is only applicable to a Rule 41(a)(1) dismissal); see also Cunningham v. Whitener, 182 F. App'x 966, 970-71 (11th Cir. 2006) (vacating Rule 41(a)(2) dismissal with prejudice as impermissibly based on "two dismissal rule" of Rule 41(a)(1), but remanding for consideration of whether court should nonetheless exercise discretion to dismiss with prejudice under Rule 41(a)(2)). Thus, there is no need to compare the earlier and current cases to determine if they are based on or include the same claims.

This leaves us with Rule 41(a)(2), which provides that an action may be dismissed on terms that the Court considers proper. Dismissal under this subsection is without prejudice unless the Court's order states otherwise. In

light of plaintiffs' pro se status, and the fact that no discovery or litigation on the merits took place, the Court determines this case should be dismissed without prejudice. However, the Court is concerned that plaintiffs' dismissal is an effort to evade adverse rulings and, despite plaintiffs' representations to the contrary, the prior case appears quite similar. Thus, if plaintiffs were to pursue a third case arising out of these same circumstances, they should be subject to sanctions by this or another court, including payment of the opposing parties' reasonable attorney's fees and costs arising from this case. See, e.g., Wright, 2008 WL 5070228, at *8 (conditioning dismissal on payment of defendant's attorney's fees and costs should plaintiff refile).

Accordingly, it is hereby

**ORDERED:**

This case is dismissed without prejudice pursuant to Rule 41(a)(2). All pending motions are terminated and the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 22nd day of November, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s
Copies:
  Counsel of record
  Pro se plaintiffs

4